458    NEW YORK PRACTICE REPORTS.

People *ex rel.* Savage agt. Board of Health New York.

## SUPREME COURT.

THE PEOPLE *ex rel.* JAS. SAVAGE agt. THE BOARD OF HEALTH
OF THE CITY OF NEW YORK.

A *certiorari* will not be allowed to review questions of jurisdiction of a *legislative* character possessed by the *board of health* of the city of New York, even though they might exceed the powers vested in them.

*New York General Term, February,* 1861.

CLERKE, SUTHERLAND and INGRAHAM, *Justices.*

THIS case arises on a return to a *certiorari* directed to the board of health of the city of New York, commanding them to return to this court, certain proceedings before them, " by which they adjudged, adjudicated, and deter-mined, that the business carried on by the relator, in depositing manure on lots between First avenue and East river, and Thirty-eighth and Thirty-ninth streets, was a nuisance."

The writ also called for a return whether any complaint was made to the board of health, as to the same.

The return shows that the city inspector made a communication on the subject to the board of health, and that thereupon a resolution was passed, on the 4th of June, directing the nuisance to be abated; and that on the 11th of June the board passed resolutions declaring such depositing of manure in any lot in the city limits, a nuisance, except in places designated by the city inspector.

CHATFIELD & HADLEY, *for relator.*
HENRY H. ANDERSON, *for respondents.*

By the court, INGRAHAM, Justice. The counsel for the relator has argued before us, the question of the expediency of the action of the board of health in passing the resolutions complained of. With that question we have nothing

to do. If the legislature have authorized the board of health to legislate upon these subjects, the power to legislate necessarily involves the exercise of discretion; and no court can review such acts when passed in matters within the jurisdiction of the body to which those powers have been intrusted.

It is also contended that the board of health has no power to declare any trade or occupation carried on within the limits of the city to be a nuisance.

By the act of 1850 (2 *R. S.*, *5th ed.*, *p.* 13,) the city inspector of the city of New York, under directions from the board of health, is authorized to cause any matter or thing which may be dangerous to the public health to be removed or destroyed at the expense of the owner.

The board is also authorized to perform certain duties therein specified, for the purpose of promoting or preserving the public health, and authority is given to the city inspector, on notice to the offending party, in conjunction with the board of health, to take measures for the removal of nuisances detrimental to the public health. But I find no authority in any of the statutes vesting in the board of health authority to declare any particular business a nuisance. The same act (*Laws of* 1850, *p.* 597, §2, *on p.* 608) gives such power to the mayor, aldermen and commonalty of the city. They have full power to pass by-laws and ordinances declaring what they deem necessary for the preservation of the public health, and for the abatement of all nuisances; and, by section three, to cause such nuisances to be abated at an expense to be charged to the parties or the owners of the lots where the nuisance exists.

After such legislation by the common council of the city of New York, the city inspector is charged with the duty of enforcing such laws and ordinances, and for such purpose may notify the offending party to show cause before the board of health, which body may then make an order in the matter, which is final and conclusive. But none of

these provisions authorize the passage of the resolutions complained of, without notice to the offending party, and an opportunity afforded to him of being heard in his defence.·

The question then arises, whether this court should, on *certiorari*, review the legislation of the board of health? Conceding that the resolution adopted by them was one which that board had no authority to pass, still is it necessary that this writ of *certiorari* should be resorted to? It is very clear that the defendant, if the resolution was beyond the jurisdiction of the board, has a good defence to any action which that board may· cause to be brought against him for disobedience of their orders. We are bound to presume that the courts will decide according to the law in such cases, and if their decision should be erroneous, the defendant would have a right of appeal. Under any view of this case, the respondent is not without the means of protection. There are cases in the books in which the allowance of this writ in this case might be sustained, but the weight of authority is, I think, otherwise. The office of the writ is to correct errors of a judicial, not of a ministerial or legislative character. The resolution complained of in this case is of the latter description. I cannot adopt the conclusion that it is in any sense proper to review the legislation of any body having authority so to do, even where, in the course of such legislation, they might exceed the powers vested in them. I concur in the views expressed by Judge Bronson, in *The People* agt. *The Mayor, &c., of New York,* (2 *Hill,* 9,) and by Judge Cowen, in 2 *Hill,* 14, *in the matter of Mount Morris Square,* that this writ is not to be used to correct such errors.

But even if it were admitted that the power exists in the court to review the proceedings of the respondents in this manner, still I do not think it should be resorted to. The allowance of this writ is discretionary, and even if allowed the court can quash it afterwards, if, in their discretion, it was improvidently granted. To undertake the review of

the legislature, of the board of health, or of the common council, upon questions of jurisdiction possessed by those bodies, would be opening a door to litigation, which, to say the least of it, would be unpleasant and unprofitable; and where an ample remedy exists at law, in any action founded on such legislation, the discretion vested in the court in this proceeding will be best exercised by refusing to sustain this proceeding. .(*People* agt. *Supervisors of Allegany county*, 15 *Wend.*, 198; *People* agt. *Mayor of New York*, 5 *Barb.*, *S. C. Rep.*, *p.* 43; *Stone* agt. *Mayor, &c.*, *of New York*, 25 *Wend.*, 157, 169; *Ex parte Mayor of Albany*, 23 *Wend.*, *p.* 277.)

The application on the part of the relator must therefore be denied, and the *certiorari* be quashed.