The People ex rel. The Trustees of the Village of Jamaica et al., Appellants, *v.* The Board of Supervisors of Queens County, Respondent.

The writ of certiorari is appropriate only to review the judicial action of inferior courts or public officers or bodies exercising judicial functions. It is not available to review the action of a public officer or body, which is merely legislative, executive or administrative, although it may involve the exercise of discretion.

The board of supervisors of Queens county, claiming to act under authority of the act of 1869 (§ 2, chap. 855, Laws of 1869), extending the powers of that board, passed an act " for the improvement of public highways in the town of Jamaica," which provided for the issuing of bonds by the county treasurer to pay the expenses of the improvement, the whole expense to be paid by taxes to be levied on the town. *Held,* that the action of the supervisors was purely legislative, and so the court had no jurisdiction to review it on certiorari.

(Argued March 1, 1892; decided March 15, 1892.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made December 16, 1891, which confirmed the action of the board of supervisors of Queens county in adopting a resolution providing for the repairs of certain public highways in the town of Jamaica, and ordered that the stay of proceedings granted therein be vacated and set aside.

The facts, so far as material, are stated in the opinion.

*John E. Parsons* and *A. N. Weller* for appellants. The exclusive charge of the repairing of highways and of the

expenditure of the money necessary for the purpose, in the town of Jamaica (leaving out of consideration for the moment so much of the town as is embraced within the limits of its incorporated villages), is with the commissioners of highways. (*Town of Kirkwood* v. *Newbury*, 122 N. Y. 571; *People* v. *Meach*, 14 Abb. Pr. [N. S.] 429; *People* v. *Comptroller*, 20 Wend. 595; *Smith* v. *Mayor*, 37 N. Y. 518; *People ex rel.* v. *Draper*, 14 id. 532; *People ex rel.* v. *Bd. Suprs.*, 112 id. 585; Laws of 1890, chap. 568.) Whatever doubt upon the subject may exist in respect of highways outside of the village of Jamaica, by the charter of the village, its trustees are commissioners of highways within the village limits, and the board of supervisors have no authority to interfere with the discharge of their duties. (Laws of 1855, chap. 264, § 7; Laws of 1870, chap. 266; *People ex rel.* v. *Bd. Suprs.*, 18 Hun, 4.) The seizing of all of the highways, roads and streets of the town and village of Jamaica, for improvement and repair, is outside of the law and substantially annihilates the autonomy of both the village and the town. (*Rosenplanter* v. *Roessle*, 54 N. Y. 262; *People ex rel.* v. *Hyde*, 89 id. 11; *People ex rel.* v. *McClave*, 99 id. 83.) Certiorari is the appropriate remedy. (*People ex rel.* v. *Harris*, 63 N. Y. 391, 394; *People ex rel.* v. *Allen*, 52 id. 538; *Town of Springport* v. *T. S. Bank*, 84 id. 403, 407; *People ex rel.* v. *Jones*, 112 id. 597, 607; *People ex rel.* v. *Morgan*, 55 id. 587; *People ex rel.* v. *Betts*, Id. 600; *People* v. *Board of Assessors*, 39 id. 81, 88; *Western R. R. Co.* v. *Nolan*, 48 id. 513, 519; *People ex rel.* v. *Supervisors*, 51 id. 442; *S. Bank* v. *Supervisors*, 25 id. 312; *People ex rel.* v. *Heddon*, 32 Hun, 299, 300; *People* v. *Stedman*, 32 N. Y. S. R. 649; *People* v. *Board of Health*, 12 N. Y. Supp. 561; *People ex rel.* v. *Hildreth*, 126 N. Y. 360, 364; *People ex rel.* v. *Mosier*, 56 Hun, 64, 66.)

*Francis H. Van Vechten* for respondent. The return to the writ must be taken as conclusive and acted upon as true. (*People ex rel.* v. *Fire Comrs.*, 73 N. Y. 437.) The return shows that the action sought to be reviewed is purely legisla-

tive in character, and the power of the court to review such proceedings on certiorari is at least doubtful. (*People* v. *Supervisors, etc.,* 43 Barb. 232 ; 34 N. Y. 516 ; *People* v. *Supervisors, etc.,* 25 Hun, 135 ; *In re Mount Morris Park,* 2 Hill, 20 ; *People ex rel.* v. *Board of Health,* 33 Barb. 344.) The questions of the wisdom of the improvement cannot be reviewed on certiorari, but if the court reviews at all it will be only for errors of law. (*In re Cruger,* 84 N. Y. 619 ; *People* v. *McCarthy,* 102 id. 630 ; *People* v. *Gilon,* 126 id. 147–157.) In passing the resolution in question the board acted within its jurisdiction. (*People ex rel.* v. *Bd. Suprs.,* 48 Hun, 324; *People ex rel.* v. *Bd. Suprs.,* 18 id. 4 ; 82 N. Y. 275 ; *People ex rel.* v. *Tompkins,* 64 id. 56 ; *Town of Kirkwood* v. *Newberry,* 122 id. 571 ; *People ex rel.* v. *Brinckerhoff,* 68 id. 263.) The prescribed procedure was followed. (Laws of 1875, chap. 482.) No rights of the relators have been violated. (Laws of 1869, chap. 855, § 2 ; Laws of 1855, chap. 264 ; Laws of 1870, chap. 266 ; *People ex rel.* v. *Bd. Suprs.,* 48 Hun, 324.) The board of supervisors in appointing commissioners to carry out or supervise the work of improvement, have not exceeded their power, and have not violated any law. (*People ex rel.* v. *Town of Kirkwood,* 122 N. Y. 571 ; *People* v. *Comptroller,* 20 Wend. 595 ; *Smith* v. *Mayor, etc.,* 37 N. Y. 518 ; *People ex rel.* v. *Draper,* 15 id. 532.)

EARL, Ch. J. On the 25th day of May, 1891, the supervisors of Queens county passed an act " for the improvement of certain public highways in the town of Jamaica in the county of Queens," in which they provided for grading, regulating and macadamizing certain streets and highways in the village and town of Jamaica. The act provided for raising $400,000 for the expense of the improvement upon bonds to be issued by the county treasurer of the county, and it regulated the rate of interest, the time of payment and the form of the bonds. It provided that the whole expense of the improvement should be paid by taxes to be levied in the town

of Jamaica, and it appointed five persons commissioners to take charge of and superintend the improvement, who were to serve without compensation.

The supervisors claimed authority to pass the act under section 2 of chapter 855 of the Laws of 1869, and it was passed with the assent of two-thirds of all the supervisors, the supervisor of Jamaica voting therefor.

The relators, claiming that the action of the supervisors was illegal and unauthorized by law, procured a writ of certiorari to review their action, and the court granting the writ ordered that further proceedings to lay out and repair the highways, by the board of supervisors, or by the special commissioners by them appointed, be stayed pending the certiorari proceeding, or until the further order of the court. The supervisors made return to the writ and the court, upon the return and after hearing counsel for the respective parties, affirmed the proceedings of the supervisors.

Upon that hearing the counsel for the supervisors, as we infer from the opinion of the court, objected that the proceedings could not be reviewed by writ of certiorari. The court overruled that objection and decided the case presented to it upon the merits. The same objection is made here, and we think it is insuperable. The court is so clearly without jurisdiction to review the proceedings of the supervisors upon this writ that we ought not to pass upon the merits involved.

The writ of certiorari is appropriate only to review the judicial action of inferior courts or of public officers or bodies exercising under the laws judicial functions; and there is no authority to be found in the reports of this state sanctioning its use for any other purpose. When the action of a public officer, or of a public body, is merely legislative, executive or administrative, although it may involve the exercise of discretion, it cannot be reviewed by certiorari; and so it has been so often held that the rule has become elementary. (*People ex rel.* v. *Mayor, etc.*, 2 Hill, 9; *In re Mount Morris Square*, 2 id. 14; *People ex rel. Savage* v. *Board of Health*, 33 Barb. 344; *People ex rel.* v. *Supervisors of Livingston Co.*, 43 id. 232;

affirmed, 34 N. Y. 516; *People ex rel. Corwin* v. *Walter*, 68 id. 403; *People ex rel. Burnham* v. *Jones*, 112 id. 597.)

This act of the supervisors of Queens county was purely a legislative act. Legislative power was devolved upon them under the Constitution by the legislature, and the act was as purely legislative as if it had been passed by the legislature itself. If this action by the supervisors can be reviewed by certiorari, then every act and resolution of the board of supervisors, every ordinance of a city board of aldermen, every ordinance and resolution of a village board of trustees, and generally all the acts of public officers involving the exercise of some discretion, could be reviewed in the same way; and thus there would be a wide departure from the practice and procedure which have always prevailed in this state, and much embarrassment might attend the discharge of legislative, executive and administrative functions by public officers, local boards and state departments.

In all the cases cited by the learned counsel for the relators in support of this writ, the board or officers whose action was reviewed by certiorari had some judicial function to discharge, and hence they are all distinguishable from this.

The writ of certiorari was not needed in this case to prevent a failure of justice, or to defeat the consummation of an alleged wrong. Assuming, according to the contention of the relators, that the act of the supervisors was unauthorized and illegal, they and every aggrieved taxpayer could arrest all proceedings under the act by an action instituted under laws specially provided for such cases. (Code, §§ 1925, 1968 *et seq.*; chapter 531, Laws of 1881, as amended by the act, chapter 673, Laws of 1887; *Barker* v. *Town of Oswegatchie*, 41 N. Y. S. R. 821.)

The Supreme Court should not, therefore, have affirmed the action of the board of supervisors, but should have quashed the writ.

Our conclusion, therefore, is that the order of the General Term should be reversed and the writ of certiorari quashed, without costs to either party in this court.

All concur.

Ordered accordingly.