Per Curiam.
Order affirmed, with disbursements, on opinion of court below.
The opinion of the court below at special term is as follows :
This is a motion to quash a writ of certiorari commanding the defendants, as constituting the board of estimate and apportionment of the city of New York, to certify and return the proceedings of the said board whereby a certain bill of the relator was reduced by the board of estimate and apportionment on the ground that the proceedings of the relator cannot be reviewed by a writ of certiorari. It would appear that, if the position of the relator is well taken, the writ should be quashed on motion, as the court in that case has no power to determine the question upon the merits. People v. Board of Sup’rs of Queens Co., 131 N. Y., 471; 43 St. Rep., 665.
The respondents assumed to act under the provisions of chapter 331, Laws 1892, as amended by chapter 33, Laws 1893. By *109 this section the comptroller of the city of New York was to pay certain debts, liabilities, or obligations incurred or created by a committee provided for in the act, “ after the same shall have been audited and allowed by the board of estimate and apportionment and the question here is whether or not the action of the board of estimate and apportionment, in auditing and allowing the bill was a judicial act that can be reviewed by this writ. It seems to me clear that it is not. The writ of certiorari is appropriate only to review the judicial action of inferior courts, or of officers or bodies exercising under the. law judicial functions. It is not available to review the.action of a public officer or a public body which is merely legislative, executive, or administrative, although it may involve the exercise of discretion. People v. Board of Sup'rs of Queens Co., supra. I think the case of Lanigan v. Mayor, etc., 70 N. Y., 456, is controlling upon this question. In that case a claim against the city was attempted to be enforced under the provisions of the act consolidating the city and county governments, wherein it was provided that all charges against the county were made charges against the city, but, before the city officers could pay a claim under the act, “ it must have been examined and allowed by the auditor and approved by the comptroller." The auditor in that case examined the claim, and reduced it. It was held by the court that there was nothing for the city auditor to do but to examine the voucher, and see that it was in proper form; that he had no right to revise the action of the supervisor and readjust the claim ; and that the action of the auditor was not judicial, and neither bound nor estopped the receiver or the plaintiff. The language used by the legislature in. that case was “ examined and allowed by the auditor.”
In this case the comptroller is directed to pay the claim, after the same shall have been “ audited and allowed by the board of estimate and apportionment.” It would appear that the duty of the board of estimate and apportionment in this case was the same as that of the auditor in the Lanigan case, and, if the action of the auditor there was not judicial, I do not see how it can be said that the action of the board in this case was judicial. I think, therefore, the motion should be granted, and the writ quashed; the same disposition to be made in the three other writs, the motion to quash having been submitted with this motion.