PEOPLE ex rel. O'CONNOR et al. v. BOARD OF SUP'RS OF QUEENS COUNTY.

(Supreme Court, Appellate Division, Second Department. March 2, 1897.)

CERTIORARI—CREATION OF FIRE DISTRICT—LEGISLATIVE ACT.
    The creation of a fire district by the board of supervisors, on the verified petition of the taxable inhabitants of the territory which will be comprised therein (Laws 1892, c. 686, § 37, as amended by Laws 1896, c. 902), is a legislative act, and therefore is not reviewable by certiorari.

Certiorari, on the relation of Edward O'Connor and William W. Smith, to review the action of the board of supervisors of Queens county in passing a resolution which purported to establish a fire district in the town of Oyster Bay.   Dismissed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Thomas Young, for relators.
Townsend Scudder, for defendants.

WILLARD BARTLETT, J. The establishment of fire districts out-
side of incorporated villages is provided for by section 37 of the
county law (Laws 1892, c. 686, as amended by Laws 1896, c. 902).
That section empowers the board of supervisors of a county to estab-.
·lish such fire districts on the written verified petition of the taxable
inhabitants of the territory which it is proposed to comprise therein,
"whose names appear on the last preceding assessment roll of the
town within which such proposed fire district is located as owning
or representing more than one-half of the taxable real property of
such district, or as owning or representing more than one-half of the
taxable real property of such district owned by the residents thereof."
On the 30th day of July, 1896, the board of supervisors of Queens coun-
ty adopted a resolution, which was numbered 15, and which was en-
titled "An act to provide for the formation of a fire district within
the town of Oyster Bay, Queens county, New York." This resolution
recited the presentation to the board of supervisors of a petition pray-
ing that a district duly described therein be declared a fire district,
pursuant to section 37 of the county law, and granted the prayer of
said petition by establishing the district particularly described there-
in as a fire district in the town of Oyster Bay, Queens county, N. Y.,
in accordance with the provision of the county law already cited.
The relators in the present proceeding ask this court to review the
action of the board of supervisors in passing this resolution, and to
annul the determination of the board to the effect that the conditions
existed which authorized the establishment of a fire district outside
an incorporated village in the town of Oyster Bay. They allege
that there were really nine petitions, instead of a single petition, and
that only one of the nine purported to be verified; and, furthermore,
that even if these nine papers be regarded as one petition, there can-
not be found in them, taken altogether, any evidence that the signers
constituted the taxable inhabitants of the proposed fire district whose
names appeared on the last preceding assessment roll of the town of
Oyster Bay as owning or representing more than one-half of the tax-
able real property of such district, or as owning or representing more
than one-half of the taxable real property of such district owned by
the residents thereof.

At the outset of the argument in behalf of the defendants it is in-
sisted that the creation of a fire district is a legislative act, and,
therefore, that the action of the supervisors in creating such a district
is not reviewable by certiorari. This objection is well taken, and is
fatal to the proceeding. A similar attempt to review the action of
these same defendants was made in the case of People v. Board of
Sup'rs of Queens Co., 131 N. Y. 468, 30 N. E. 488. There the subject
of attack was an act for the improvement of certain public highways
in the town of Jamaica; and it was held that the court was so clearly
without jurisdiction to review the action of the board of supervisors
upon a writ of certiorari that it ought not to pass upon the merits
which the relators sought to have determined. "The writ of cer-

tiorari," said Earl, C. J., in that case, "is appropriate only to review the judicial action of inferior courts, or of public officers or bodies exercising, under the laws, judicial functions; and there is no authority to be found in the Reports of this state sanctioning its use for any other purpose. When the action of a public officer, or of a public body, is merely legislative, executive, or administrative, although it may involve the exercise of discretion, it cannot be reviewed by certiorari; and so it has been so often held that the rule has become elementary."

The authority bestowed upon boards of supervisors by the county law to establish fire districts in their counties outside of incorporated villages is clearly a legislative power; and, being such, it is not assailable by means of the writ of certiorari. It may well be that a resolution adopted in the exercise of this power would be adjudged void in a judicial proceeding which was appropriate to test its validity, if it were made to appear therein that the conditions precedent prescribed by the county law did not either appear to exist, or exist in fact, when the resolution establishing the fire district was adopted. It is to be noted in the present case, however, that the relators nowhere allege that the papers which were treated by the board as one petition were not, in fact, signed by a sufficient number of taxable inhabitants of the character prescribed by the amended statute. The petition was evidently drawn with reference to section 37 of the county law in its original form, instead of the section as amended in 1896; and the failure of the relators to allege that the names of the signers did not appear on the last preceding assessment roll of the town of Oyster Bay as owning or representing the proportion of real property required by the amendment may be regarded as indicating that the signers were, in fact, assessed for taxes upon a sufficient quantity of real estate to enable them to invoke the action of the board of supervisors for the establishment of the desired fire district. But, however this may be, the writ of certiorari in the present proceeding must be dismissed, for want of jurisdiction.

Writ of certiorari dismissed, with costs to the defendants. All concur.