## PEOPLE ex rel. SMITH v. BOARD OF TRUSTEES OF VILLAGE OF HAVERSTRAW.

(Supreme Court, Appellate Division, Second Department. December 31, 1897.)

CERTIORARI—WHEN LIES—SALARIES OF VILLAGE OFFICERS.

    The provision of Laws 1895, c. 430, authorizing the trustees of villages "to appropriate annually a sum  *  *  * for the payment to the members of boards of health  *  *  * a fair and just compensation for their services," and entitling such members to receive such fair and reasonable compensation as shall be fixed by the board of trustees, is in effect and intent a direction that the trustees shall fix the salaries of such members; and therefore their action is not judicial, but administrative or legislative, and certiorari will not lie to review it.

Certiorari of the people, on the relation of Jacob V. Smith, against the board of trustees of the village of Haverstraw. Dismissed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William McCauley, Jr., for relator.

Alonzo Wheeler, for respondent.

CULLEN, J. By chapter 430 of the Laws of 1895, the trustees of the villages of this state were authorized to appropriate annually a sum not exceeding $500 for the payment to the members of the board of health of the village "a fair and just compensation for their services." By the second section of the act it is provided that "the members of such boards of health shall be entitled to receive for the services rendered by them such fair and reasonable compensation as shall be fixed by the board of trustees." The relator, a member of the board of health of the village of Haverstraw, applied to the board of trustees of that village to fix the compensation for his services. This application was made on an affidavit by him, stating the nature and extent of the services rendered. The board of trustees fixed the relator's compensation at the sum of $20. The relator thereupon procured a writ of certiorari to review such action.

We think that the action of the board in fixing the relator's compensation was not judicial, as in the case of the audit of a claim against the village, but legislative or administrative. The direction that the board of trustees shall fix the compensation of the members of the board of health is, in effect and in intent, a direction that it shall fix their salaries. The action of public officers or local or other authorities, in determining the amount of salaries that shall be paid to their subordinates or to other public officials, though requiring the exercise of judgment and discretion, is not judicial, in the proper and

accurate sense of the term in which it is employed when we say that the judicial determinations or decisions by subordinate tribunals are subject to review by this court. Such action is administrative or legislative, and certiorari will not lie to review it. People v. Board of Sup'rs of Queens Co., 131 N. Y. 468, 30 N. E. 488.

The writ should be dismissed, with $10 costs and disbursements. All concur.