(43 App. Div. 376.)

PEOPLE ex rel. RICHMOND COUNTY SOC. FOR PREVENTION OF CRUELTY TO CHILDREN v. FEENEY.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. CERTIORARI—REVIEW OF EXECUTIVE OR ADMINISTRATIVE ACT.
    The determination of the commissioner of public charities of the city of New York for the borough of Richmond, in disallowing and refusing to certify bills for the maintenance of children committed by magistrates to the care of an institution, having for its object the prevention of cruelty to children and the enforcement of laws relating to children, is an executive or administrative act, and cannot be reviewed by certiorari.

2. PAUPER CHILDREN—LIABILITY OF CITY FOR SUPPORT.
    Children committed by a magistrate to the care of a society, under Membership Corporations Act, § 72 (Laws 1895, c. 559), providing that a corporation for the prevention of cruelty to children may be appointed guardian of the person of a minor child by a court of record, or a judge thereof, and may receive and retain any child at its own expense on commitment by a court or magistrate, are to be cared for at the expense of the society itself, and, in the absence of a contract on the part of the city to support such children, no recovery can be had against it.

3. SAME—CHILDREN BOARDED OUT BY PRIVATE INSTITUTION—LIABILITY OF CITY.
    Greater New York Charter, § 661, providing that no payment shall be made by the city of New York to any charitable, eleemosynary, or reformatory institution wholly or partly under private control, for the care, support, secular education, or maintenance of any child surrendered to such institution, or committed to, received, or retained therein, except on the certificate of the commissioner, having administrative jurisdiction, that such child has been received and retained by such institution pursuant to the regulations of the state board of charities, does not cover the case of children who, though theoretically in charge of the institution, are boarded in families, and no contract for their support can be made by the city.

Writ of certiorari, on the relation of the Richmond County Society for the Prevention of Cruelty to Children, against James Feeney, as

commissioner of public charities of the city of New York for the borough of Richmond, to review the refusal of defendant to certify two bills for the maintenance of children duly committed to the care of relator by magistrates. Writ dismissed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Howard R. Bayne, for relator.
Luke D. Stapleton, for defendant.

GOODRICH, P. J. This is a special proceeding by writ of certiorari to review the refusal of the commissioner of public charities of the city of New York for the borough of Richmond to certify, under section 661 of the Greater New York charter, two bills for the maintenance of children duly committed to the care of the relator by magistrates exercising criminal jurisdiction in the county of Richmond. The bills are for the six months ending July 1, 1898, and January 1, 1899, and amount to $2,297.11 and $1,857.69, respectively. There is an unexpended balance of $2,268.62 in the hands of the defendant for the care of children under its control, but there was no money appropriated "for the maintenance of children committed by magistrates to the relator for the year 1898."

The relator is a corporation organized under chapter 130 of the Laws of 1875, having for its particular object "the prevention of cruelty to children and the enforcement of the ·laws relating to or in any wise affecting children." It has a building capable of holding a small part of the children under its care. The larger part of them are boarded out in families, but they are still subject to the control of the relator, which is pecuniarily and legally responsible for them. There is no claim that any contract was ever made between the city or the defendant to pay the bills in question. The defendant never accepted the children as a public charge, as required by the rules of the state board of charities, and the relator has furnished no evidence of compliance with such rules. The latter contends that this proceeding is authorized by section 2120 of the Code of Civil Procedure, to review the determination of the defendant, under section 661 of the charter. That section in part reads as follows:

"No payment shall be made by the city of New York to any charitable, eleemosynary or reformatory institution wholly or partly under private control, for the care, support, secular education, or maintenance of any child surrendered to such institution, or committed to, received or retained therein in accordance with sections six hundred and sixty-four, six hundred and sixty-five, six hundred and sixty-six and six hundred and sixty-seven of this act, except upon the certificate of the commissioner having administrative jurisdiction that such child has been received and is retained by such institution pursuant to the rules and regulations established by the state board of charities."

The defendant gave notice that he would move this court for an order to quash the writ, and the first question arises on this motion.

It is held in People v. Board of Sup'rs of Queens Co., 131 N. Y. 468, 471, 30 N. E. 489:

"The writ of certiorari is appropriate only to review the judicial action of inferior courts or of public officers or bodies exercising under the laws judicial functions, and there is no authority to be found in the reports of this state sanctioning its use for any other purpose. When the action of a public officer, or of a public body, is merely legislative, executive, or administrative, although it may involve the exercise of discretion, it cannot be reviewed by certiorari, and so it has been so often held that the rule has become elementary."

The act of which the relator complains is the determination of the defendant in disallowing the bills and refusing to certify the same. This, in our opinion, is either an executive or an administrative act of the defendant, and, under the authority cited, his determination cannot be reviewed by certiorari, and the writ must be quashed. But it is well to say that we are of opinion that the defendant's determination was proper.

Section 72 of the membership corporations act (chapter 559, Laws 1895) provides that a corporation of the character of the relator may be appointed guardian of a minor child by a court of record, and may retain the child at its own expense on the commitment by the court or a magistrate. It is conceded by the defendant's return that the relator had the power to receive the children and care for them. There is no authority to compel the city to provide for such children so committed, as they are to be cared for at the expense of the society itself. There is a method provided by section 664 et seq. of the charter for the support of wayward or indigent children in the borough of Richmond, but this is only in cases where the borough commissioner himself commits the child, and it does not apply to cases where the child is committed by a magistrate.

There is no contract on the part of the city to support the children referred to in the petition, and who are in the care of the relator, and none can be implied from the fact that heretofore the county of Richmond or the city of New York had made voluntary provision for such cases. Indeed, such action is specifically forbidden by section 661, unless the child is retained in the institution itself. We do not think that this covers the case of a child who, though theoretically in the charge of the society, is boarded out in a family which is in no sense a part of the institution or subject to its control. The provision clearly relates to children in an institutional building or inclosure, and not to those outside of it.

For these reasons the writ must be dismissed, but without costs. All concur.