PEOPLE ex rel. ALLEN, Town Sup'r, v. BOARD OF SUP'RS OF WESTCHESTER COUNTY et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

CERTIORARI—RESOLUTION OF COUNTY SUPERVISORS—LEGISLATIVE FUNCTIONS.
The board of supervisors of a county, in passing a resolution reviving the distinction between town and county poor, pursuant to Laws 1896, p. 176, c. 225, § 134, and apportioning among the towns the taxes for the support of poor, pursuant to sections 9, 10 (page 139), discharges legislative functions, so that its acts cannot be reviewed by certiorari.

Certiorari, on the relation of S. Fletcher Allen, supervisor of the town of Cortlandt, against the board of supervisors of the county of Westchester and others. Writ dismissed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

James Dempsey (Clinton F. Ferris, on the brief), for relator.
Isaac N. Mills, for respondents.

MILLER, J.  This is a proceeding to review certain acts of the board of supervisors of the county of Westchester, to wit, the passage of a resolution reviving the distinction between town and county poor, pursuant to section 134 of the poor law (Laws 1896, p. 176, c. 225), the levy and assessment upon the town of Cortlandt of taxes for the support of the poor of said town, pursuant to sections 9 and 10 of said chapter 225, p. 139, of the Laws of 1896.

The point is made by the defendants that the relator has mistaken his remedy.  The question respecting what acts can be reviewed by certiorari has been considered so recently and exhaustively by the Court of Appeals as to require no further discussion in this court.  People ex rel. Schau v. McWilliams, 185 N. Y. 92, 77 N. E. 785.  In the case cited, the distinction between a judicial act, as the term is frequently used, and the act of an officer or body in the discharge of a judicial function, is clearly pointed out, and the authorities upon the question carefully reviewed by Judge Cullen.  It only remains to determine under what head the acts sought to be reviewed are to be resolved.  It is plain that in passing the resolution sought to be reviewed, and in apportioning the taxes among the different towns, the board of supervisors discharged legislative, and not judicial, functions.  People ex rel. Trustees v. Board of Supervisors, 131 N. Y. 468, 30 N. E. 488; People ex rel. O'Connor v. Supervisors, 153 N. Y. 370, 47 N. E. 790.  The relator relies upon cases which sustain a review by certiorari at the instance of a taxpayer of an assessment of his property made by local assessors; but in such case the proceeding is judicial in its character, the party is entitled to a notice and a hearing, and may present evidence upon which the assessors are required to act as judges.

Having reached the conclusion that certiorari will not lie, our only course is to dismiss the writ, without a consideration on the merits of the questions presented.

Writ of certiorari dismissed, with costs.  All concur.