■ In the Matter of DAVID SCHULMAN et al., Respondents, against J. BURCH McMORRAN, as Superintendent of the New York State Department of Public Works, Appellant.— Appellants appeal in an article 78 proceeding from an order of Special Term denying motion to dismiss the petition. The State of New York, after appropriating land of the petitioners for highway purposes and the construction of the road known as " Monticello By-Pass ", on October 7, 1958, filed in the office of the Secretary of State and the Sullivan County Clerk's office what purported to be an acquisition by permanent easement over part of the remaining land of petitioners restricting signs, billboards, notices, posters, advertising devices or other displays. There were some reservations in favor of the owners not pertinent hereto but it was intended to so restrict the property for a distance of 750 feet from the center of the new road. Such action was taken pursuant to section 30 of the Highway Law — acquisition

proceeding — which the State concedes entitles the petitioners to whatever damages they may be able to prove and sustain as a result of such restriction. Prior to the date of the filing mentioned herein, petitioners entered into a lease with Kiamesha Concord, Inc., for the purpose of maintaining a billboard or sign on the property here involved. A sign was erected and so far as appears from the record is still on the property. The proceeding sounds in certiorari and among other contentions the State asserts it is not a proper remedy. The action taken by the State pursuant to section 30 was to acquire an easement for removal of obstructions; improvement of sight distances and for improving safety conditions on State highway systems. Such action on the part of the Superintendent calls for an exercise of his discretionary judgment as conferred upon him by legislative fiat. Subsequently he may cause the removal of the owner or occupant through legal proceedings. This he had not done at the date of the commencement of this proceeding. Under the circumstances the petition to review the determination of the Superintendent.of Public Works — as to the right to the easement — is not a proper remedy. (See 1 New York Juris., § 169; 22 Carmody-Wait, New York Practice, § 10, p. 126.) There being other remedies available, proceeding under article 78 is not a proper remedy. A common-law writ was available only to review an act judicial in nature and character and article 78 made procedural changes and was not intended to make any substantial extensions or contractions of the substantive principles. (*Toscano* v. *McGoldrick,* 300 N. Y. 156, 162.) The acts of the State Highway Commissioner — predecessor to Superintendent of Public Works — were not reviewable by this remedy. (*Matter of Sherman,* 76 Misc. 45.) The rule is succinctly stated in *People ex rel. Trustees of Vil. of Jamaica* v. *Supervisors of Queens County* (131 N. Y. 468) where at page 471 the court said: " The writ of certiorari is appropriate only to review the judicial action of inferior courts or of public officers or bodies exercising under the laws judicial functions; and there is no authority to be found in the reports of this state sanctioning its use for any other purpose. When the action of a public officer or of a public body is merely legislative, executive or administrative, although it may involve the exercise of discretion, it cannot be reviewed by certiorari; and so it has been so often held that the rule has become elementary. (*People ex rel.* v. *Mayor, etc.,* 2 Hill 9; *In re Mount Morris Square,* 2 id. 14; *People ex rel. Savage* v. *Board of Health,* 33 Barb. 344; *People ex rel.* v. *Supervisors of Livingston Co.,* 43 id. 232; affirmed 34 N. Y. 516; *People ex rel. Corwin* v. *Walter,* 68 id. 403; *People ex rel. Burnham* v. *Jones,* 112 id. 597.) " And again at page 472: " Assuming, according to the contention of the relators, that the act of the supervisors was unauthorized and illegal, they and every aggrieved taxpayer could arrest all proceedings under the act by an action instituted under laws specially provided for such cases. (Code, §§ 1925, 1968 *et seq.*; chapter 531, Laws of 1881, as amended by the act, chapter 673, Laws of 1887; *Barker* v. *Town of Oswegatchie,* 41 N. Y. S. R. 821.) " (See, also, *Matter of Leichter* v. *Barrett,* 208 Misc. 577; *Perlmutter* v. *Greene,* 259 N. Y. 327.) The merits are not considered on this appeal. The order of the Special Term is reversed on the sole ground that article 78 is not a proper remedy, other relief being available. Order reversed and petition dismissed, without costs. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.