### PEOPLE ex rel. DUMARY v. VAN ALSTYNE et al.

(Supreme Court, Appellate Division, Third Department. June 28, 1900.)

MUNICIPAL CORPORATIONS—CONTRACTS—STREET IMPROVEMENTS—RESCISSION—BOARD OF CONTRACT AND APPORTIONMENT—CERTIORARI.

Where the board of contract and apportionment of the city of Albany contracted for a street improvement, and the board, on charges of breach of contract being preferred, investigated them, and rescinded the contract, the action of the board is not reviewable by certiorari, since such writ can only be availed of to review actions of inferior courts, or officers or bodies exercising judicial functions.

Certiorari to review the action of the board of contract and apportionment of Albany rescinding a contract for street improvements. Quashed.

Argued before PARKER, P. J., and KELLOGG, MERWIN, and SMITH, JJ.

Charles B. Templeton (Lewis E. Carr, of counsel), for relator.
Arthur L. Andrews, for defendants.

MERWIN, J. Under the charter of the city of Albany as it was in 1899 (chapter 298 of Laws of 1883, and the amendments thereto) the board of contract and apportionment consisted of the mayor, the chamberlain, the street commissioner, the city engineer and surveyor, and the president of the common council. It had charge, under the direction of the common council (title 9 of charter), of improvements such as the one covered by the contract in controversy. It issued all proposals, received all bids, and awarded all contracts for such work. On May 1, 1899, the common council passed an act for the improvement of Morton street, and on May 11, 1899, specifications for the work were filed in the office of the city engineer. The relator was the lowest bidder, and the contract was awarded to him. The contract is in the name of the city of Albany, acting by and through its board of contract and apportionment, party of the first part, and was signed by the mayor pursuant to the direction of the board. The contract, among other things, provided that the board has the power in its discretion to vacate the contract for a neglect or refusal to proceed with the work, or for a violation of any or either of its covenants, terms, conditions, and provisions, without rendering the city liable for any damages therefor. By section "W" of the contract, the contractor agreed that all laborers employed in the performance of the contract should receive for a legal day's work not less than the prevailing rate of wages in the trade or calling in which such laborers are employed in the locality; that eight hours should constitute a

legal day's work, and that no laborer shall be employed on the work for more than eight hours a day, except in cases of extraordinary emergencies caused by fire, flood, or danger to life or property; and that the contract should be void and of no effect unless the contractor should comply with section 3 of chapter 415 of the Laws of 1897, as amended by chapter 567 of the Laws of 1899. In July following, the relator commenced the performance of the work. On the 27th July there was a strike by the laborers employed, and the work was suspended. On the 8th August, at a special meeting of the board, charges against the relator were made in the form of a petition by the president of the Federation of Labor of the city of Albany stating that the relator had violated his contract and also section 3 of the labor law, as amended by chapter 567 of the Laws of 1899, in that he had employed laborers on the work at a rate of wages less than the prevailing rate for a day's work in the locality of the city of Albany, and had permitted and required laborers under the contract to work more than eight hours a day. The petitioner asked that the board declare the contract void. The relator was present upon the request of the clerk of the board, and objected to the receipt of the petition or charges. The board concluded to receive them, and adopted a resolution that a copy thereof be served upon the relator, with a notice that he must serve upon the board or its clerk a written answer to the charges on or before the 18th August, and that an investigation of the allegations in the charges or petitions, and the facts under and necessary thereto, would be had by the board in the form of sworn testimony of witnesses on the 24th of August. The relator put in an answer, it being stated therein that it was interposed specially and solely because of the request of the board therefor. It in effect denied the charges. On the 24th of August the board proceeded with the investigation. The petitioner, the Federation of Labor, appeared by counsel, and the relator also. The chairman of the board announced that they would take evidence as to whether or not laborers have been required to perform work in excess of eight hours a day, and whether or not the contractor has refused or neglected to pay the prevailing rate of wages. Thereupon evidence was given on the part of the petitioner tending to sustain the charges. At its close the relator moved to dismiss the petition and charges upon the ground, among others, that the board had no authority to hear or determine any of the questions involved. The motion was denied, and the relator then gave evidence tending to disprove the charges. On September 5th the board adopted a preamble and resolutions in and by which, after a recital, among other things, that it appeared from the evidence given upon the hearing that laborers employed by the relator in the performance of work under the contract were permitted and required to work more than eight hours a day, in violation of section 3 of the labor law, and in violation of section "W" of the contract, and that the wages paid by the relator to such laborers were less than the prevailing rate for a day's work in the same or similar trade or occupation in that locality, it was resolved that the contract "be, and the same hereby is, declared void, and of no effect," and the clerk of the board was

directed to readvertise for proposals for the performance of the work. This action by the board is sought to be reviewed by certiorari.

By section 4 of the labor law, as amended by chapter 567 of the Laws of 1899, it was provided that any citizen of the state might maintain an action for the purpose of securing the cancellation or avoidance of any contract which, by its terms or manner of performance, violated the act. Clearly, the proceeding in question before the board was not an action within the contemplation of that statute. It was not claimed to be such at the hearing, but the contrary was stated by the corporation counsel, speaking, evidently, for the board. The board was the agent of the city in making the contract and in seeing that it was performed according to its terms. Complaints were made in behalf of the laborers that the contractor was violating the contract. These complaints the board investigated. In case there was a violation of the contract by the contractor, the board, as representing or being the party of the first part to the contract, had the right, under the contract, to terminate it. The determination by one party to a contract of the existence of facts which give him a right to cancel it does not conclude the other party as to the existence of such facts. That would allow a party to decide his own case, and would not be permissible unless the opposite party consented to such determination, or the contract was made in view of some statutory provision that expressly allowed it. We find nothing in the contract or the charter that allows the board to determine the questions here in controversy, and bind the relator by such determination. The query, then, is whether the action of the board is reviewable by certiorari. Does it interfere with any cause of action the relator may have against the city on the contract, based upon the theory that he has not violated it, and that the city canceled it without right, and to his damage? He had a right to have the question of violation tried in a constitutional way, and this he did not waive by his participation in the proceeding before the board. From the start he claimed that the board had no right to decide the question. A question somewhat similar was presented in Reilly v. City of Albany, 40 Hun, 405, arising under the same charter. It was there held that a determination made by the board of contract and apportionment that a paving contract had not been performed by the contractor did not bind the contractor, and was not a bar to an action brought by him against the city for damages for nonperformance by the city, though such determination by the board was made upon notice to the contractor and to the property owners liable to be assessed for the expense of the work, and after a hearing of both parties, at which evidence was given upon both sides. It was likened to the case of one sitting in judgment in his own suit. As to the same proceeding it was said in the same case in the court of appeals (112 N. Y. 30, 45, 19 N. E. 508) that the action of the board in determining that the contractor had not performed, in no way affected the legal rights of the contractor. The board, in its supervision of the contract and of its performance, had a right to ascertain to its satisfaction whether the contract had been violated. Assuming the violation to exist, it had a right to cancel. It could not, however, by its own action,

conclude the contractor as to the fact of violation. It was not a determination of a judicial character within the meaning of the law. It was action by one party to a contract preparatory to assertion by it of its rights under the contract. The review of such action is not the province of the remedy by certiorari. "The writ of certiorari is appropriate only to review the judicial action of inferior courts, or public officers or bodies exercising judicial functions. It is not available to review the action of a public officer or body, which is merely legislative, executive, or administrative, although it may involve the exercise of discretion." People v. Board of Sup'rs of Queens Co., 131 N. Y. 468, 30 N. E. 488. The action of the board was not, I think, reviewable by certiorari, and the writ should, for that reason, be quashed. It is therefore not necessary to consider the other questions raised.

Writ of certiorari quashed, without costs, upon the ground that the action of the board complained of is not reviewable by certiorari. All concur.