CERTIORARI (§ 16*)—DETERMINATION OF LABOR COMMISSIONER—"FINAL DE-
TERMINATION."

Under Labor Law (Consol. Laws 1909, c. 31) § 21, providing that, if
complaint is made to the Commissioner of Labor that a contractor with
a city for public work is failing to comply with the law as to paying
the prevailing rate of wages, he shall, if he finds it well founded, present
evidence thereof to the board having charge of the work, which shall
take the proper proceedings to revoke the contract, the functions of the
Commissioner are merely advisory; and his determination is not conclu-
sive, within Code Civ. Proc. § 2122, providing that, except as otherwise
expressly prescribed, certiorari cannot issue to review a determination
not finally determining the rights of the parties.

[Ed. Note.—For other cases; see Certiorari, Cent. Dig. §§ 31, 32;  Dec.
Dig. § 16.*]

For other definitions, see Words and Phrases, vol. 3, p. 2805.]

Appeal from Special Term, Albany County.

Petition of the Keystone State Construction Company for certi-
orari against John Williams, State Commissioner of Labor.    From
an order denying a motion to quash the writ and to vacate a stay,
defendant appeals.    Reversed.    Writ quashed, and stay vacated.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON,
BETTS, and LYON, JJ.

Thomas Carmody, Atty. Gen. (James A. Parsons, Deputy Atty.
Gen., of counsel), for appellant.

Ball & Ludlow, of New York City (Wilbur L. Ball, of New York
City, of counsel), for respondent.

BETTS, J.   The Keystone State Construction Company has a con-
tract with the city of New York, made through its board of water
supply, to construct the Hill View reservoir in the city of Yonkers,
a portion of the Catskill Aqueduct.    It is engaged in the construction
of this reservoir.    About a year after the commencement of con-
struction, complaint was made to the defendant, the Commissioner
of Labor of the state of New York, that the relator was proceeding
in violation of the provisions of the Labor Law by payment of $1.50
per day for common labor, while the prevailing rate of wages in that
locality for that kind of service was a greater amount per day.    The
Commissioner of Labor, as was his duty under the statute, investi-
gated the complaint and found it well founded, and notified relator
that the prevailing rate of wages was $1.80 per day of eight hours in
the locality where the work under the contract was being performed.

The relator requested a hearing on the question before the Commis-
sioner, which was granted, and a further investigation was had, and
the Labor Commissioner found that the prevailing rate of wages in
the locality was $1.76 per day of eight hours for a day's work in
the same trade or occupation as was being performed by relator, and
so notified the relator and requested it to comply with the law.    Where-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon, before any further proceedings were taken by the Commissioner of Labor, the relator applied to and obtained from the court a writ of certiorari requiring the State Commissioner of Labor to make a return, and providing for a review of his proceedings, together with an injunction staying the Commissioner of Labor from proceeding any farther in the matter. A motion was then made by the Commissioner of Labor for an order quashing the writ of certiorari and vacating the injunction order staying the Commissioner of Labor herein. This motion was denied, and from that order of denial this appeal is taken.

The two sections of the Labor Law with which we are concerned here are sections 3 and 21, which, so far as material, are as follows:

"Sec. 3. Hours to Constitute a Day's Work.—Eight hours shall constitute a legal day's work for all classes of employees in this state. * * * The wages to be paid for a legal day's work as hereinbefore defined to all classes of such laborers, workmen or mechanics upon all such public works, or upon any material to be used upon or in connection therewith, shall not be less than the prevailing rate for a day's work in the same trade or occupation in the locality within the state where such·public work on, about or in connection with which such labor is performed in its final or completed form is to be situated, erected or used."

"Sec. 21. Commissioner of Labor to Enforce Provisions of Article.—The Commissioner of Labor shall enforce all the provisions of this article. * * * If complaint is made to the Commissioner of Labor that any person contracting with the state or a municipal corporation for the performance of any public work fails to comply with or evades the provisions of this article respecting the payment of the prevailing rate of wages, the requirements of hours of labor or the employment of citizens of the United States or of the state of New York, the Commissioner of Labor shall, if he finds such complaints to be well founded, present evidence of such noncompliance to the officer, department or board having charge of such work. Such officer, department or board shall thereupon take the proper proceedings to revoke the contract of the person failing to comply with or evading such provisions."

The Commissioner of Labor asserts that he was about to present the evidence of noncompliance with the law and violations of the law by the relator to the board of water supply of the city of New York, the board having charge of such work, when he was stayed by the injunction herein.

It is claimed by the relator that the action of the Labor Commissioner here is final, and that upon his report to the municipal employing body that the rights of the parties are determined and fixed; that hence certiorari will lie here to review the action of the Commissioner of Labor.

The state, through its Attorney General acting for the Commissioner of Labor, claims that the rights of the parties are not finally determined by the action of the Commissioner of Labor, and that his action is largely advisory. The section of the Code of Civil Procedure claimed by the Attorney General to apply is section 2122, which, so far as material in my view of it, is as follows:

"Sec. 2122. * * * Except as otherwise expressly prescribed by a statute, a writ of certiorari cannot be issued, in either of the following cases:

·"1. To review a determination, which does not finally determine the rights of the parties, with respect to the matter to be reviewed.

"2. Where the determination can be adequately reviewed, by an appeal to a court, or to some other body or officer."

A little light is thrown upon the question at issue, which is in a small compass, here by judicial decisions.

In the case of People ex rel. Dumary v. Van Alstyne, 53 App. Div. 1, 65 N. Y. Supp. 451, it was held that, where a municipal board having charge of a contract entered into between the municipality and Dumary, the relator (after a hearing on charges of violation of this section 3 of the Labor Law), decided that the charges were well founded, and revoked the relator's contract, the determination of the board, as to the fact of violation, is not of a judicial character, and does not conclude the contractor as to such fact; and that hence a writ of certiorari would not issue against said municipal board.

That was a case decided by this Appellate Division, and has very many features in common with the case here decided. Following out the reasoning in that decision, if, after receiving notification by the Commissioner of Labor that, in his opinion, the contractor, the relator here, was not complying with the provisions of the Labor Law, the board of water supply should cancel the contract, the action of the Commissioner of Labor would be no protection whatever to the city of New York, or its board of water supply, upon an action being brought by the contractor for damages for cancellation of his contract. It cannot well be otherwise. It cannot be that the determination of the Commissioner of Labor is conclusive in a matter of this kind, as he is not, under the statute, compelled to give the contractor any notice of his investigation; but if he finds such complaint to be well founded—that is, having the appearance of truth and verity—then he is to present evidence of such noncompliance with the Labor Law to the municipal board having charge of such work. During all of this investigation, the contractor has no opportunity for a hearing, except through the courtesy of the Commissioner of Labor; and he cannot, of necessity, be divested of his property rights by a proceeding of which he might never hear until the result was announced.

We therefore conclude that the functions of the Commissioner of Labor here are advisory to the contracting municipality; and that the contractor is not concluded by the result of the examination of the Commissioner of Labor. The rights of the parties here are not finally determined by the action of the Commissioner of Labor; and hence, under the plain reading of subdivision 1 of section 2122 of the Code of Civil Procedure, the writ of certiorari will not lie, as no provision is made in the Labor Law for a review by certiorari.

It follows that the order appealed from should be reversed, the writ quashed, and stay vacated, with costs and disbursements to the Commissioner of Labor.