(161 App. Div. 191)

STANDARD BITULITHIC CO. v. CARLISLE, State Commissioner of Highways.

(Supreme Court, Appellate Division, Third Department. March 4, 1914.)

1. CERTIORARI (§ 24*)—APPLICABILITY OF REMEDY.

A contractor for state paving, whose contract has been suspended by the Highway Commissioner as not advantageous to the state, cannot review the cancellation of his contract by certiorari, which would amount to obtaining specific performance of the contract by certiorari, for no person can be compelled by any process of law to prosecute any enterprise undertaken for purposes of his own beyond the point at which he sees, fit to discontinue the undertaking, but the breach of contract merely gives rise to an action for damages.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 37; Dec. Dig. § 24.*]

2. HIGHWAYS (§ 113*)—STATE HIGHWAYS—POWER OF HIGHWAY COMMISSIONER.

The State Highway Commissioner is the sole representative of the state, and, his authority in determining the plans and in changing the plans of state highways being practically unlimited, his determination that the public good requires that a road under contract shall not be built is conclusive upon the contractor, regardless of Highway Law (Consol. Laws, c. 25) § 132, providing for the cancellation and reletting of contracts, although the Commissioner's determination that the contract is not for the best interest of the public cannot deprive the contractor of his right of action for breach of contract.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 348–352, 355; Dec. Dig. § 113.*]

Smith, P. J., dissenting.

Appeal from Special Term, Albany County.

Application by the Standard Bitulithic Company for certiorari to review the action of John N. Carlisle, State Commissioner of Highways, in canceling the relator's contract. From an order directing the issuance of the writ, respondent appeals. Order reversed, and proceeding dismissed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Thomas Carmody, Atty. Gen. (James A. Parsons and Claude T. Dawes, Deputy Attys. Gen., of counsel), for appellant.

Niles & Johnson, of New York City, for respondent.

JOHN M. KELLOGG, J. In October, 1912, the Standard Bitulithic Company and the state of New York, acting through the then existing Commission of Highways, entered into a contract for the construction by said company of a section, about 11½ miles in length, of a state highway, route No. 35 on Long Island, known as the Smithtown-Port Jefferson road. Soon after the making of said contract said company made preparations for building the road, and on April 8, 1913, as soon as the grade lines had been given, commenced work on the grading and culverts. On May 31, 1913, the State Commissioner of Highways, who, pursuant to chapter 80 of the Laws of 1913, which became effective May 15, 1913, succeeded the State Com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mission of Highways and the State Superintendent of Highways made the order complained of, as follows:

"May 31, 1913.

"Whereas, a contract was entered into October 30, 1912, between the Standard Bitulithic Company of New York City, party of the first part, and the people of the state of New York, party of the second part, for the construction of the Smithtown-Port Jefferson State Highway, No. 5232, county of Suffolk, having a length of 11.59 miles; the specifications calling for a 4" bottom course of cementitious Hudson river gravel, with top course of Warrenite pavement, the estimated cost of the improvement to be $222,734.80; and whereas, the performance of such contract would be against public policy and would be irreparable damage to the state for the reason that if the highway is improved according to specifications it will not provide a proper highway to construct in said locality; and whereas, after a careful investigation of the conditions in the locality through which this highway was to be constructed and a study of the plans and specifications, the committee of advisory engineers has recommended the cancellation of said contract: It is ordered, that the contract for the improvement of the Smithtown-Port Jefferson State Highway No. 5232, county of Suffolk, be and is hereby canceled.

"[Signed]    R. K. Fuller, Secretary. .

"[Signed]    J. N. Carlisle, Commissioner."   .

[1] The contractor is not satisfied with that determination, and wants it reviewed by certiorari. The officer charged with the responsibility of performing the contract believes that the road as planned would not be for the interest of the state. The contractor thinks otherwise, and desires the court to pass judgment between them. This is in effect an attempt to compel the specific performance of a contract by certiorari, which is not a recognized remedy for that purpose. '

In People ex rel. Ryan v. Aldridge, 83 Hun, 279, 31 N. Y. Supp. 920, it is stated:

"No person can be compelled, by any process of law, to prosecute any enterprise undertaken for purposes of his own beyond the point at which he sees fit to discontinue the undertaking; and if he has contracted with another person to do the work for him, and afterwards refuses to have it done, the contractee does not relieve himself from the obligation of the contract, but the remedy of the contractor is confined to his action of damages for the breach. The contract is not abrogated, but, in the nature of things, neither party can compel its specific performance by the other. The rule applies as well to bodies corporate and politic as to individuals, and even to the state," etc.

[2] The Commissioner is the sole representative of the state and the responsibility as to the state highways rests upon him. By section 132 of the Highway Law the performance of the contract is under his supervision and control. His authority in determining the plan and changing the plan of a state highway is practically unlimited. His determination that the public good requires that a road under contract shall not be built is conclusive upon the contractor, irrespective of section 132. The Commissioner cannot, however, destroy the effect of a valid contract and deprive a contractor not in default of the benefits he would derive from performance. If the Commissioner stops work upon a contract without cause, the state is responsible to the contractor for the loss of his contract. In my judgment section 132 of the Highway Law has no application to the question under consideration. That section contemplates a suspension of the contract,

or a stopping of the work, growing out of the fact that the work is not being performed according to the contract. or for the best interest of the state. It contemplates a default or a failure to properly perform by the contractor.

But if that section applied to the case, it is not controlling here. The fact that the work has actually been stopped by the Commissioner must be recognized by the contractor. A determination by the Commissioner that work is stopped because of the default of the contractor does not establish the default or prejudice the contractor if he is not at fault. The section contemplates no notice to the contractor, or hearing on the merits. The determination, therefore, that the contractor is at fault is not binding upon him, and for that reason is not reviewable by certiorari. Matter of Keystone State Construction Co. v. Williams, 152 App. Div. 575, 137 N. Y. Supp. 405. But the Commissioner has not suggested that the contractor is at fault. The state has stopped the work solely because of defects in the plan of the work itself. The work is therefore at an end, and the contractor must pursue his remedies in the court provided for that purpose. The order appealed from should be reversed, and the proceeding dismissed, with costs to the relator.

Order reversed, with $10 costs and disbursements, and motion for writ denied and the writ quashed. All concur; LYON, J., in result; SMITH, P. J., dissenting in memorandum.

SMITH, P. J. (dissenting). It is by forced construction only that section 132 of the Highway Law can be held applicable to this case. The plain intent of that section is to authorize an annulment of the contract through the fault of the contractor, in which case the contractor is made liable for any excess paid upon a reletting of the contract. Under section 15 of the Highway Law the Highway Commissioner is given authority to determine the method of construction of the highways. It would seem as a necessary incident to that power, in case it should be found that a method determined upon proved inadequate, that the Highway Commissioner should have authority to change, the method of construction if necessary by the annulment of a contract made. The contractor, however, under his contract has a vested right to the profits of his contract. Those cannot be taken away from him without his fault. It cannot matter to him, however, whether the contract be annulled and his profits paid to him, or whether he be allowed to fulfill the contract and thus acquire the right to his profits. If the contract be annulled without his fault he has full remedy before the Court of Claims to recover the same if the state refuse to pay voluntarily. Under these circumstances he is not a party aggrieved by the determination under section 2127 of the Code of Civil Procedure.

Again: A writ of certiorari requires the respondent to certify a record. In the case at bar there is no record because there has been no trial. The Highway Commissioner would simply certify that he had been advised by his advisory board that the specifications were inadequate to a substantial highway. Upon that return the Special

Term could make no determination. The act of the Commissioner in revoking this contract is to my mind purely an administrative act, not in any sense judicial; and, even if the contractor were an aggrieved party, it is difficult to see how he could obtain any remedy in the proceedings he has taken.

The order granting the writ should be reversed with $10 costs and disbursements, and the motion. for the writ denied · and the writ quashed.