In the Matter of the Application of the STANDARD BITU-LITHIC COMPANY, Appellant, for a Writ of Certiorari to JOHN N. CARLISLE, as Commissioner of Highways of the State of New York, Respondent.

Certiorari — state commissioner of highways — cancellation by him of contract for construction of state highway cannot be reviewed under writ of certiorari.

The action of the commissioner of highways of the state in canceling a contract for the construction of a state highway is wholly administrative. A trial in a judicial sense is not contemplated by the statute, and the act of the commissioner is not judicial in nature or character; hence, a writ of certiorari commanding the commissioner to certify and return his proceedings, decision and action, in such a proceeding, was properly quashed.

*Matter of Standard Bitulithic Co.*, 161 App. Div. 191, affirmed.

(Argued June 4, 1914; decided June 16, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 13, 1914, which reversed as matter of law and not in the exercise of discretion an order of Special Term granting a motion for a writ of certiorari to review the proceedings of the defendant in canceling a certain contract for public work and quashed said writ.

The facts, so far as material, are stated in the opinion.

*Henry B. Johnson* for appellant. The act of the commissioner in exercising the jurisdiction conferred upon

him by statute and in assuming the determination that the contract should be canceled because improvidently made and not because it had been breached by the contractor, is a judicial act. His act under the statute must be predicated (§ 132) on his finding that the work done under the contract is not being performed in accordance with the contract or specifications. It is the work that he must find not to be for the best interest of the state, not the contract. He has neither the express nor implied power to cancel the contract because, in his judgment, it is not for the best interest of the state. (*People ex rel. Graves* v. *Sohmer*, 207 N. Y. 450; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *P. S. Comm.*, 195 N. Y. 157; *People ex rel. Forest Comm.* v. *Campbell*, 152 N. Y. 51; *People ex rel. Harris* v. *Comrs.*, 149 N. Y. 26; *People ex rel. McCabe* v. *Matthies*, 179 N. Y. 242; *People ex rel. C. C. Co.* v. *O'Brien*, 101 App. Div. 296; *People ex rel. C. G. L. Co.* v. *Bd. of Assessors*, 39 N. Y. 81; *People ex rel. Spencer* v. *Vil. of New Rochelle*, 83 Hun, 185; *People ex rel. Lodes* v. *Dept. of Health*, 189 N. Y. 187; *People ex rel. Central Park* v. *Wilcox*, 194 N. Y. 383.) The commissioner, in making the order canceling the contract, erred in interpreting the statute as to his powers, and exceeded his jurisdiction. (*People ex rel. Graves* v. *Schenck*, 207 N. Y. 450.) Such an order of the public official being without authority and in excess of the powers conferred by the statute, is reviewable by certiorari. (*People ex rel. S. & H. R. R. Co.* v. *Betts*, 55 N. Y. 600; *People ex rel. C. G. L. Co.* v. *Bd. of Assessors*, 39 N. Y. 81; *Matter of Bracket*, 27 Hun, 605; *People* v. *Judges*, 24 Wend. 249.)

*Thomas Carmody, Attorney-General (James A. Parsons* and *Claude T. Dawes* of counsel), for respondent. The Highway Law confers administrative power upon the commissioner of highways and therefore his action in canceling the contract cannot be reviewed by certiorari.

(*People ex rel. Forest Comrs.* v. *Campbell,* 152 N. Y. 51; *People ex rel. Kennedy* v. *Brady,* 166 N. Y. 44; *People ex rel. Vil. of Jamaica* v. *Supervisors,* 131 N. Y. 468; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *People ex rel. North* v. *Featherstonhaugh,* 172 N. Y. 112; *People ex rel. McNulty* v. *Maxwell,* 123 App. Div. 591; *People ex rel. Scott* v. *Reid,* 135 App. Div. 89; *People ex rel. R. & J. Co.* v. *Wiggins,* 199 N. Y. 382; *Matter of Whitten,* 152 App. Div. 506; *Matter of Sherman,* 76 Misc. Rep. 45.) The Highway Law does confer upon the highway commissioner the authority to annul this improvident contract, but the question whether it does confer that power or does not is not a question which can be determined on certiorari. (*Matter of Keystone S. C. Co.* v. *Williams,* 152 App. Div. 575; *People ex rel. S. A. R. R. Co.* v. *Park Comrs.,* 97 N. Y. 37; *Ewing* v. *City of St. Louis,* 5 Wall. 413; *People ex rel. Savage* v. *Bd. of Health,* 33 Barb. 344; *People ex rel. Stillwell* v. *Gunner,* 124 App. Div. 153; *State* v. *Timme,* 70 Wis. 627; *Locke* v. *Lexington,* 122 Mass. 290.)

CHASE, J. A writ of certiorari was granted at Special Term upon the petition of the Standard Bitulithic Company directed to John N. Carlisle, commissioner of highways of the state of New York, commanding him to certify and return his proceedings, decision and action in the matter of the cancellation of a contract between the state of New York and the Standard Bitulithic Company to build a state highway in the county of Suffolk, to the end that his decision and action might be reviewed and corrected.

We concur with the opinion of Presiding Justice SMITH of the Appellate Division wherein he says: "A writ of certiorari requires the respondent to certify a record. In the case at bar there is no record because there has been no trial. The highway commissioner would simply certify that he had been advised by his advisory board that

the specifications were inadequate to a substantial highway.    Upon that return the Special Term could make no determination.    The act of the commissioner in revoking this contract is to my mind purely an administrative act."

There is nothing in the Highway Law directing the commissioner of highways in a proceeding such as the one herein considered to take testimony or give the parties interested an opportunity to be heard.    A trial in any judicial sense is not contemplated.    The sole question requiring consideration on this appeal is, whether the act of the defendant in canceling the contract was a judicial act in nature or character.    We think it was not.

A writ of certiorari is appropriate to review the judicial or semi-judicial action of inferior courts or of public officers or bodies exercising, under the laws, judicial functions, and there is no authority unless it is expressly given by statute sanctioning its use for any other purpose.

The action of the commissioner of highways was wholly administrative and not subject to review by certiorari. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *People ex rel. Trustees Village of Jamaica* v. *Board of Supervisors of Queens Co.,* 131 N. Y. 468; *People ex rel. Kennedy* v. *Brady,* 166 N. Y. 44; *People ex rel. Copcutt* v. *Board of Health, Yonkers,* 140 N. Y. 1; *People ex rel. North* v. *Featherstonhaugh,* 172 N. Y. 112; *People ex rel. R. & J. Co.* v. *Wiggins,* 199 N. Y. 382; *People ex rel. Graves* v. *Sohmer,* 207 N. Y. 450; *People ex rel. Lodes* v. *Department of Health, N. Y. City,* 189 N. Y. 187; *People ex rel. Hayes* v. *Waldo,* 212 N. Y. 156.)

The question whether the commissioner of highways in the administration of his office had authority to cancel the contract is not considered.

The order of the Appellate Division should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, HOGAN, MILLER and CARDOZO, JJ., concur.

Order affirmed.