PEOPLE ex rel. COOPER v. DUFFEY, State Commissioner of Highways.

(Supreme Court, Appellate Division, Third Department.  May 28, 1915.)

CERTIORARI ⬤⟿24—MATTERS REVIEWABLE.

 The action of a former highway department in sustaining a protest to the acceptance of a highway built by relator as a contractor, and for which on his showing he was entitled to payment of the balance due upon the contract, was not reviewable by certiorari.

 [Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 37; Dec. Dig. ⬤⟿24.]

Appeal from Special Term, Albany County.

Proceeding by the People of the State of New York, on the relation of Horace B. Cooper, against Edwin Duffey, State Commissioner of Highways, constituting the State Commission of Highways. From an order directing the issuance of a writ of certiorari to the former Highway Department to review its action in sustaining a protest to the acceptance of a highway built by relator, defendant appeals. Reversed, and motion for writ denied.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Egburt E. Woodbury, Atty. Gen. (Edward G. Griffin and Sanford W. Smith, Deputy Attys. Gen., of counsel), for appellant.

Neile F. Towner, of Albany, for respondent.

PER CURIAM.  This is an appeal from an order directing the issuance of a writ of certiorari to the former highway department to review its action in sustaining a protest to the acceptance of the Chestertown-Hague county highway built by the relator as a contractor.  It appears from the petition, and from statements made at the hearing before the commissioner, that during the period of the construction of the highway the work was supervised and inspected by engineers and inspectors employed by the state, as well as by the county of Warren, and that upon the completion of the road the division engineer, the county superintendent of highways, and the supervisors of the towns of Chester and Horicon, in which such road was built, certified that it had been constructed in accordance with the plans and specifications. It was the unanimous opinion of the several engineers who had charge of the work, and who appeared upon such hearing, that the defects complained of in the highway were not chargeable to the contractor, but were due to faulty plans and specifications, in that throughout the whole road, and particularly along the soft ground bordering the river and lake, a heavier sub-base construction and thicker top coating were required in order to make a satisfactory highway.  The relator contends that, in view of these facts, he is entitled to the writ asked for.

While it would appear from the above-recited facts that the relator is entitled to be paid the balance due upon his contract, yet, under the following well-settled authorities, such relief cannot be obtained by the relator in a proceeding of this character:  Matter of Standard Bitu-

lithic Co. v. Carlisle, 161 App. Div. 191, 146 N. Y. Supp. 386; affirmed 212 N. Y. 179, 105 N. E. 967; People ex rel. Schau v. McWilliams, 185 N. Y. 92, 77 N. E. 785; People ex rel. Hayes v. Waldo, 212 N. Y. 156, 105 N. E. 961. The order directing that a writ of certiorari be issued must therefore be reversed.

Order appealed from reversed, without costs, and motion for writ denied. All concur; KELLOGG and HOWARD, JJ., in result.