THE PEOPLE ex rel. THE ARGUS COMPANY, Relator, *v.* FRANCIS M. HUGO, as Secretary of State, et al., Composing the STATE PRINTING BOARD, and J. B. LYON COMPANY, Defendants.

(Supreme Court, Albany Special Term, November, 1917.)

Contracts — awarding of, for legislative printing — state printing board — certiorari.

The act of an administrative or ministerial officer does not become judicial simply because it is necessary to use discretion and judgment in its performance. It becomes judicial only where there is an opportunity to be heard and a decision made upon consideration of the evidence presented.

In the matter of awarding a contract for legislative printing some of the acts of the state printing board in investigating and tabulating the bids, of investigating the financial responsibility of the bidder and its ability to perform the contract and of determining the letting, are certainly matters involving the exercise of judgment and discretion, yet where the action of the board in awarding the contract is not accompanied by any of the forms of judicial action, its determination is not reviewable on certiorari.

CERTIORARI to review the action of the state printing board in awarding the contract for legislative printing.

Neile F. Towner, for petitioner.

Merton E. Lewis, Attorney-General (Sanford W. Smith, First Deputy Attorney-General, Edward G. Griffin, Deputy Attorney-General, of counsel), for State.

F. M. Danaher, for J. B. Lyon Company.

31

Supreme Court, November, 1917.      [Vol. 101.

HASBROUCK, J.   The contract for legislative printing was awarded September 21, 1917, by the state printing board to the J. B. Lyon Company of Albany.   The Argus Company was the lowest bidder.   It has secured a writ of certiorari to review the action of the state board in awarding the contract.   The attorney-general has made a motion to quash the writ.   Regarding only the petition for the writ the sole question raised is whether the function of the state board in letting the contract is administrative or judicial.   If administrative in character the writ should be dismissed; if judicial it should be sustained.   The writ has heretofore been used for the very purpose of reviewing the determination of the state printing board under law not differing in substance from the present.   *People ex rel. Lyon Co.* v. *McDonough*, 173 N. Y. 181; *People ex rel. Williams* v. *McDonough*, 85 App. Div. 162.   But in neither of the above cases was the remedy called in question.   The effort of the bench is to attain and dispatch justice and if parties fail to object to the clothes the suitor wears it would serve no useful purpose and not be commendable to the freedom of the forum for it to do so.

There is no cause for wonder that in those cases no challenge of the remedy was made.   It had been decided by the court of last resort that the letting of a contract upon rival bids was judicial in its nature.   Judge Cullen, speaking of the letting of a contract by a common council of a city, said: '' In this class of cases the term ' judicial ' is not used in the sense of appertaining to the judiciary or the administration of justice, but as indicating the exercise of discretion or judgment as distinguished from what is purely ministerial.''   *Gleason* v. *Peerless Manufacturing Co.*, 1 App. Div. 257; 163 N. Y. 574.

Judge Danforth, on the same subject, a contract for

lighting streets, wrote: " It was the duty of the defendants to choose between these illuminating substances; to determine the responsibility of the bidders, the sufficiency of the security offered, the greater or less economy and desirableness of the several means of lighting, and this could only be done after comparing the bids and the advantages of the methods proposed. As to all these things there must first be investigation and inquiry, then discretion, and afterward determination or judgment." *East River Gas-Light Co.* v. *Donnelly,* 93 N. Y. 557.

*The Gas-Light Company* case was decided in 1883. The Court of Appeals of 1890 in the case of a contract for cleaning streets distinguished the *Gas-Light Company* case. They held the contract letting was not judicial if the act of letting was arbitrary. *People ex rel. Coughlin* v. *Gleason,* 121 N. Y. 631.

In 1892 the court still held the doctrine sound that where there was an examination of proposals and an award the act was " judicial in its nature and character." *Erving* v. *Mayor,* 131 N. Y. 139.

Ten years afterwards over the letting of a contract for curbing and paving there was an apparent change in the view of the court regarding the character of the act of letting a contract and it held: " We are, however, of the opinion that the proceedings sought to be reviewed are neither judicial nor quasi judicial, and, therefore, under the well settled rules are not subject to review by certiorari." *People ex rel. North* v. *Featherstonhaugh,* 172 N. Y. 128.

The *Featherstonhaugh* case has been quoted with approval in *Matter of Standard Bitulithic Company* where the act sought to be reviewed was the cancellation of a contract. 212 N. Y. 182. It is not apparent that there is much difference between the qualities of the acts of making and unmaking a con-

tract. See, too, *People ex rel. Hayes* v. *Waldo,* 212 N. Y. 171.

It may be said besides that the exercise of the function of letting the state printing contract is not accompanied by any of the forms of judicial action. In this fact we may find the reason for the apparent divergence of views between the earlier judges and those constituting the court at present. Judge Collin, writing for the Court of Appeals, said of the action of the state canal board in attempting to revoke a resolution approving of work done under a contract: "An adjudication involves the exercise of judicial power through a hearing upon an issue, the receiving and weighing of evidence and the act of rendering a judgment. The assent to the change was an administrative, not a judicial act." *People ex rel. Graves* v. *Sohmer,* 207 N. Y. 455.

In the *Bitulithic* case the court along the same line says: " There is nothing in the Highway Law directing the commissioner of highways in a proceeding such as the one herein considered to take testimony or give the parties interested an opportunity to be heard. A trial in any judicial sense is not contemplated. The sole question requiring consideration on this appeal is, whether the act of the defendant in canceling the contract was a judicial act in nature and character. We think it was not."

The acts of investigating the bids and tabulating them, of investigating the financial responsibility of the bidder and his ability to perform the contract and of determining the letting are some of them certainly matters involving the exercise of judgment and discretion. Yet, in the case at bar there has been no hearing, no trial, no production of evidence and no determination after a hearing. The act of an administrative or ministerial officer does not become judicial

simply because it is necessary to use discretion and judgment in its performance. It becomes judicial only when there is opportunity to be heard, evidence presented and a weighing of the evidence and a decision thereon. If this view be correct then the award of the state printing contract to the J. B. Lyon Company was not a judicial act and certiorari is not the proper remedy. Because of the uncertainty in which apparently conflicting decisions have left the relator, no costs are allowed.

Ordered accordingly.