In the Matter of the Petition of SANTA CLARA LUMBER COMPANY, Respondent, for an Order of Certiorari, etc., against COMMISSIONERS OF THE LAND OFFICE, Appellants.

Third Department, May 22, 1924.

Certiorari — action of Commissioners of Land Office in rescinding resolution passed under Public Lands Law, § 19, as amended by Laws of 1921, chap. 647, not reviewable on certiorari — action of Commissioners was not judicial act following trial or hearing — petitioner is not aggrieved within Civil Practice Act, § 1290 — final determination of rights is condition precedent to review under Civil Practice Act, § 1286.

The action of the Commissioners of the Land Office in rescinding a resolution passed pursuant to section 19 of the Public Lands Law, as amended by chapter 647 of the Laws of 1921, which resolution abandoned the State's claim to land held by a tax deed and claimed by the petitioner, is not subject to review on certiorari, since the action of the commissioners was not a judicial act following a trial or hearing, but was an administrative act.

If the rescinding resolution was unauthorized, as claimed by the petitioner, it is a nullity and harmless, and whatever rights the petitioner had in the lands before such resolution it still retains and it has not, therefore, been aggrieved by the rescinding resolution within the meaning of section 1290 of the Civil Practice Act.

Furthermore, the action of the commissioners does not finally determine the rights of the petitioner and, therefore, under section 1286 of the Civil Practice Act, their action cannot be reviewed by certiorari.

APPEAL by the Commissioners of the Land Office from a certiorari order, granted out of the Supreme Court at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 12th day of May, 1923, directed to the Commissioners of the Land Office, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in rescinding, on January 16, 1923, a resolution adopted by them on December 20, 1922.

By chapter 647 of the Laws of 1921 there was inserted in section 19 of the Public Lands Law the following provision: " Where the State has a tax deed to any lands in any county of the State, which in the opinion of the Attorney-General would be declared void by the courts, the Commissioners of the Land Office, on the filing with them of such opinion and the evidence upon which such opinion is based, may, by resolution, abandon same and any claim of title thereunder." (See, also, Laws of 1922, chap. 648, amdg. said § 19.) The State had a tax deed executed in the year 1884 of about 585 acres of land in Franklin county which in the year 1922 was claimed by the petitioner, Santa Clara Lumber Company. On December 20, 1922, the Commissioners of the Land Office

706  MATTER OF SANTA CLARA L. CO. *v.* COMRS. OF LAND OFFICE.

Third Department, May, 1924.                    [Vol. 209

acting under said statute adopted a resolution abandoning any claim of title by the State by virtue of said tax deed. There was at that time filed in the office of the Commissioners an opinion of the Attorney-General that such tax deed would be declared void by the courts. There were then pending two actions by the People of the State against the petitioner, one for trespassing upon said lands, and the other to eject the petitioner therefrom, and on December 27, 1922, the Attorney-General signed stipulations to discontinue both of said actions. On January 16, 1923, the personnel of the Commissioners of the Land Office having changed, a resolution was by them adopted rescinding the former resolution of December 20, 1922. The petitioner seeks by certiorari to review the January resolution of the Commissioners rescinding that of December.

*Carl Sherman, Attorney-General [Francis X. Disney* and *C. T. Dawes, Deputies Attorney-General,* of counsel], for the appellants.

*Parsons, McClung & Rose [Benjamin McClung* and *Arthur E. Rose* of counsel], for the respondent.

COCHRANE, P. J.:

*Matter of Standard Bitulithic Co.* v. *Carlisle* (161 App. Div. 191) was a case where the petitioner sought to review the action of the State Highway Commissioner in canceling a contract between the petitioner and the State for the construction of a highway. Presiding Justice SMITH of this court used this language: " A writ of certiorari requires the respondent to certify a record. In the case at bar there is no record because there has been no trial. The Highway Commissioner would simply certify that he had been advised by his advisory board that the specifications were inadequate to a substantial highway. Upon that return the Special Term could make no determination. The act of the Commissioner in revoking this contract is to my mind purely an administrative act." In affirming the decision of this court the Court of Appeals (in 212 N. Y. 179) adopted the language above quoted and continued as follows: " There is nothing in the Highway Law directing the Commissioner of Highways in a proceeding such as the one herein considered to take testimony or give the parties interested an opportunity to be heard. A trial in any judicial sense is not contemplated. The sole question requiring consideration on this appeal is, whether the act of the defendant in canceling the contract was a judicial act in nature or character. We think it was not." I am unable to see any difference in principle between that case and this. The January resolution depended on nothing but the advice of the Attorney-General. In the case cited the Highway

Commissioner could simply certify as to how " he had been advised by his advisory board." Here the Commissioners of the Land Office could simply return the advice of the Attorney-General. In *People ex rel. Graves* v. *Sohmer* (207 N. Y. 450, 460) it was said: "An adjudication involves the exercise of judicial power through a hearing upon an issue, the receiving and weighing of evidence and the act of rendering a judgment." The petitioner cites *People ex rel. Forest Commission* v. *Campbell* (152 N. Y. 51). I find no analogy between that case and the instant case. Two proceedings were there involved, one to review the action of the Comptroller in canceling the sale of certain lands to the State, and the other to review the action of his successor in refusing to set aside such cancellation. The question of remedy was not there raised or discussed. More important is it, however, that contending parties appeared before the Comptroller, one an individual claimant to the lands in question and the other the Forest Commission representing the State. Adverse litigants were heard and a determination made by the Comptroller which bound the parties. Nothing appeared or was stated in that case which justifies this proceeding. It is not doubted that expressions may be found in some opinions and even some decisions which would seem to authorize this proceeding. In some of those cases the question of remedy was not under consideration. In others confusion arises as to the use of the term " judicial." In *People ex rel. Schau* v. *McWilliams* (185 N. Y. 92) Chief Judge Cullen in holding that the action of the Civil Service Commission in classifying a certain position as competitive could not be reviewed by certiorari, said: " It is true that there are to be found in the opinions of this court statements that such actions may be so reviewed. I can find, however, no case except the one now before us where the Supreme Court has assumed to reverse the action of the Civil Service Commission on certiorari. It is a well-settled principle that the common-law writ of certiorari issues to review only the decisions of inferior judicial or quasi-judicial tribunals. * * * Here we must not be misled by names. The term ' judicial ' is used in judicial literature, in opinions and text books, in two distinctly different senses. The action of an administrative or executive officer or board may involve the exercise of judgment and their action is quite often termed judicial. * * * Among the recent cases in this court on the subject is that of *People ex rel. Steward* v. *Board of R. R. Commissioners* (160 N. Y. 202), where we upheld the action of the Appellate Division in reversing on certiorari the determination of the Board of Railroad Commissioners granting the application of a railroad company for a certificate of public convenience and necessity. That decision proceeded on the ground

that the Commissioners were authorized and required to take evidence and all the parties interested were entitled to notice and a hearing. The case represents the farthest limit to which we have extended the right of review of the acts of subordinate officers by certiorari." Many acts of an administrative or ministerial officer require the exercise of discretion and judgment but do not for that reason become judicial in the sense in which that word is used as applied to the determinations of courts or officers or boards exercising powers similar to those of courts. In the case at bar there has been no hearing, no appearance of parties, no trial, no production of evidence, no opportunity to the petitioner to attend and be heard. There has been no contest between contending parties, no weighing or consideration of evidence. The January resolution does not conclude or bind the petitioner. If it was unauthorized as claimed it is a nullity and harmless. Whatever rights the petitioner had before such resolution it still retains. It has not been aggrieved by the resolution and, therefore, does not bring itself within section 1290 of the Civil Practice Act. One of the limitations upon granting a certiorari order is that in the absence of statutory authority it cannot be granted " to review a determination which does not finally determine the rights of the parties with respect to the matter to be reviewed." (Civ. Prac. Act, § 1286.) We express no opinion as to the purpose of the statute in question or as to the effect of the December resolution. It suffices for the purpose of this proceeding to say that the January resolution was not of such a character as to be the subject of review in the manner here attempted.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.