Lawrence H. Cooke, J.
In this proceeding brought under article 78 of the Civil Practice Act, petitioner, the City of Albany, seeks ‘ ‘ to review the determination of respondent J. Burch McMorran as Superintendent of the New York State Department of Public Works, resulting in the acquisition” of some 98.5 acres of land in the City of Albany and that a final order be made “ annuling and setting aside said determination and declaring the filing of the aforesaid maps to be null and void. ’ ’
On the return of the order to show cause and petition, the respondent did not answer but, pursuant to section 1293 of the Civil Practice Act, moved for an order dismissing the petition on the grounds that the petition fails to state facts which entitle petitioner to the relief sought or to any relief and that, under subdivision 4 of section 1285 of the Civil Practice Act, relief pursuant to article 78 is not available where there is another adequate remedy.
*317 Said article 78 of the Civil Practice Act is entitled and commonly known as “ Proceeding Against a Body or Officer.” The proceeding here is in the nature of certiorari.
Certiorari or a proceeding in the nature of certiorari is appropriate and available only to review the judicial or quasi-judicial action of a body or officer, this having been so under the common law and still being the rule in the absence of express statutory authority to the contrary (Matter of Long Is. R. R. Co. v. Hylan, 240 N. Y. 199, 204; Matter of Standard Bitulithic Co., 212 N. Y. 179, 182; Matter of Carp, 179 App. Div. 387, affd. 221 N. Y. 643; People ex rel. Republican & Journal Co. v. Wiggins, 199 N. Y. 382, 384-385; People ex rel. Kennedy v. Brady, 166 N. Y. 44, 47; People ex rel. Gratwick v. Commissioners of Land Office, 202 App. Div. 240, 243; 22 Carmody-Wait, New York Practice, § 14, p. 129). In People ex rel. Trustees of Vil. of Jamaica v. Board of Supervisors of Queens County (131 N. Y. 468), quoted in Matter of Schulman v. McMorran (9 A D 2d 1007), the court said (pp. 471-472): “ The writ of certiorari is appropriate only to review the judicial action of inferior courts or of public officers or bodies exercising under the laws judicial functions; and there is no authority to be found in the reports of this state sanctioning its use for any other purpose. When the action of a public officer, or of a public body, is merely legislative, executive or administrative, although it may involve the exercise of discretion, it cannot be reviewed by certiorari; and so it has been so often held that the rule has become elementary. (People ex rel. v. Mayor, etc., 2 Hill, 9; In re Mount Morris Square, 2 id. 14; People ex rel. Savage v. Board of Health, 33 Barb. 344; People ex rel. v. Supervisors of Livingston Co., 43 id. 232; affirmed, 34 N. Y. 516; People ex rel. Corwin v. Walter, 68 id. 403; People ex rel. Burnham v. Jones, 112 id. 597.) ”
It is difficult at times to distinguish judicial acts from those which are merely legislative, executive or administrative and the act of an administrative or ministerial officer does not become judicial and therefore subject to review by certiorari merely because it is necessary to use discretion and judgment in its performance (Matter of Neddo v. Schrade, 270 N. Y. 97, 102-103; People ex rel. Second Ave. R. R. Co. v. Board Comrs. of Dept. of Public Parks of City of N. Y., 97 N. Y. 37, 43; People ex rel. Corwin v. Walter, 68 N. Y. 403, 410; Matter of Fisenne v. Bay Ridge Dist. Local Board, 250 App. Div. 460, 461; People ex rel. Argus Co. v. Hugo, 101 Misc. 481, 484-485, affd. 182 App. Div. 904). The test may be stated to be that action is judicial or quasi-judicial when, and only when, the body or officer is authorized and required to take evidence and all the parties interested *318 are entitled to notice and a hearing and, thus, the act of an administrative or ministerial officer becomes judicial and subject to review by certiorari only where there is an opportunity to be heard, evidence presented and a decision had thereon (Matter of Irving v. Finger Lakes Comm., 12 Misc 2d 1087; Matter of Standard Bitulithic Co., 212 N. Y. 179, 182, supra; Matter of Kandel v. Greene, 236 App. Div. 607, 612-613; Matter of Santa Clara Lbr. Co. v. Comrs. of Land Office, 209 App. Div. 705; People ex rel. Argus Co. v. Hugo, 101 Misc. 481, affd. 182 App. Div. 904, supra). Here, there is nothing in the laws in question directing or authorizing the Superintendent of Public Works to conduct such a hearing or to give the parties interested an opportunity to be heard, nor is there any allegation in the petition that such a hearing was conducted, and the determination of the Superintendent would not be judicial or quasi-judicial in nature.
Although there are some distinctions in the two matters, the Appellate Division, Third Department, in Matter of Schulman v. McMorran (9 A D 2d 1007 [1959]) dismissed an article 78 proceeding instituted against the Superintendent of the Department of Public Works involving the right of the Superintendent to acquire a certain easement under section 30 of the Highway Law, holding that article 78 was not a proper remedy, other relief being available. Matter of Brent v. Hoch (13 A D 2d 505 [1961]), involved a proceeding under article 78 to review the determination of the Commissioner of Mental Hygiene to take certain lands for the purpose of erecting and maintaining thereon a State school and the Appellate Division affirmed an order granting the motion of respondent to dismiss the petition for insufficiency. There the Appellate Division stated (pp. 505-506): “ Since the action by respondent was legislative in character (Rindge Co. v. Los Angeles, 262 U. S. 700, 709; Bragg v. Weaver, 251 U. S. 57, 58; Matter of City of New York [Ely Ave.], 217 N. Y. 45, 57), his action may not be reviewed by a proceeding under article 78 of the Civil Practice Act (Matter of Neddo v. Schrade, 270 N. Y. 97; Matter of Long Is. R. R. Co. v. Hylan, 240 N. Y. 199; People ex rel. Trustees of Vil. of Jamaica v. Board of Supervisors of Queens County, 131 N. Y. 468; Matter of Schulman v. McMorran, 9 A D 2d 1007.” Since the action by respondent here was legislative in character, under said last-quoted Appellate Division decision, this article 78 proceeding is dismissed. As similarly stated in Matter of Schulman v. McMorran (supra), the merits are not considered in this determination. This decision is without prejudice to such action or proceeding as petitioner may be authorized by law to institute or maintain.