Anthony J. Ferraro, J.
Application pursuant to CPLR article 78 to annul, set aside and expunge from the public record the opinion of the Board of Ethics of the Town of Greenburgh and the actions of the town board taken in reliance thereon.
Petitioner was appointed to serve as a member of the Environmental Quality Control Commission by the Gréenburgh Town Board for a period of one year commencing February 26, 1974. At the expiration of his term he was not reappointed but remained in office as a holdover. A question arose as to possible conflict of interest of petitioner by reason of his representation as an attorney of various civic groups in the town and on April 4, 1975 the town board referred the question to the ethics committee. On May 1, 1975 the ethics committee rendered an opinion that a conflict of interest was involved. The town board thereafter appointed someone else to the environmental board post held by petitioner.
Petitioner here seeks to expunge the opinion of the ethics committee and the action of the town board in reliance thereon to wit, its failure to reappoint petitioner.
Petitioner contends on this application that (1) the procedure of the ethics and town boards denied him due process of law and abrogated property rights constitutionally protected, (2) the absence of published procedural rules renders the opinion of the ethics board unlawful and (3) the ruling below was contrary to lawful procedures, arbitrary, capricious and without foundation in fact.
Public offices such as here involved are created for the benefit of the public and not for the benefit of the individual *1058 office holder. The office holder acquires no Contractual, vested or property right in the office. Since he is an unsalaried public official he is not deprived of life, liberty or property when his office is terminated. (Lanza v Wagner, 11 NY2d 317.)
Petitioner was not entitled to notice, hearing or other rights of due process because respondents were exercising purely executive and administrative discretion and authority not reviewable by the courts. (Matter of Ocean Hill-Brownsville Governing Bd. v Board of Educ., 23 NY2d 483; Albury v New York City Civ. Serv. Comm., 32 AD2d 895, affd 27 NY2d 694; People ex rel. Gere v Whitlock, 92 NY 191.)
A CPLR article 78 proceeding is appropriate only to review judicial or quasi-judicial acts and may not be used to review legislative, executive or administrative functions though they may involve the exercise of discretion. (Matter of King Road Materials v Town Bd. of Town of Rotterdam, 37 AD2d 357, affd 32 NY2d 890; People ex rel. Trustees of Vil. of Jamaica v Board of Supervisors, 131 NY 468; People ex rel. Burnham v Jones, 112 NY 597.) A judicial or quasi-judicial act only is involved when a hearing is held, notice is given and evidence is taken. A hearing was neither authorized nor required in the instant matter. (Matter of Standard Bitulithic Co., 212 NY 179.)
Any review of legislative or executive determinations by the judicial branch of government would militate against the fundamental concept of separation of powers which has withstood the test as one of the best conceived ideas of our founding fathers.
The failure of the board of ethics to adopt procedural rules is not relevant to the issues before this court. Such board rendered its advisory opinion pursuant to the request of the town board without imposing sanctions or exacting termination of office. Indeed it was without power to do either. Nor did it recommend that the town board take such action. There is no authority or reason to challenge a mere advisory opinion which has no binding effect.
The court appreciates the devoted service rendered by petitioner pro bono publico. But his right to continue as a dogooder like the good he has done is not immortal. The good man does may well be interred before his bones. Meanwhile he who ventures into the arena of public life must be prepared to bite the dust of public criticism, endure the knocks of *1059 public distrust and suffer the soilage of an otherwise spotless image.
Application denied.