HON. OTTO M. WOLF Town Attorney, Patterson
This is in response to your letter requesting an opinion of the Attorney General as to whether the proceedings before the Zoning Board of Appeals of the Town of Patterson are judicial or quasi-judicial in nature and therefore exempt from Public Officers Law, Article 7 (Open Meetings Law) under section 98 of said Article. You further ask if the Zoning Board of Appeals of the Town of Patterson, after holding a public hearing as provided by law, may go into executive session or hold a separate meeting for the purpose of discussing the facts and law as it pertains to the matters presented to them.
Public Officers Law, Article 7 (Open Meetings Law), § 93, provides:
 "Every meeting of a public body shall be open to the general public, except that an executive session of such body may be called and business transacted thereat in accordance with section ninety-five of this article."
Public Officers Law, Article 7 (Open Meetings Law), § 98, provides in part:
 "Nothing contained in this article shall be construed as extending the provisions hereof to:
"1. judicial or quasi-judicial proceedings * * *."
In considering the question of what is a judicial or quasi-judicial proceeding, the Court, in City of Albany v McMorran, 34 Misc.2d 316,317-318 (Supreme Court, Albany County, 1962), stated:
 "It is difficult at times to distinguish judicial acts from those which are merely legislative, executive or administrative and the act of an administrative or ministerial officer does not become judicial and therefore subject to review by certiorari merely because it is necessary to use discretion and judgment in its performance * * *. The test may be stated to be that action is judicial or quasi-judicial when, and only when, the body or officer is authorized and required to take evidence and all the parties interested are entitled to notice and a hearing and, thus, the act of an administrative or ministerial officer becomes judicial and subject to review by certiorari only where there is an opportunity to be heard, evidence presented and a decision had thereon * * *."
The Court, in Riker v Board of Standards and Appeals of the City of NewYork, 225 App. Div. 570, 571 (1st Dept, 1929), held that the function of the Board of Standards and Appeals "* * * is a quasi judicial one * * *" where the Board had granted an appeal from the decision of a building superintendent and permitted the erection of a business building in a residential district. Although the ordinary business of a zoning board of appeals may be considered quasi-judicial in nature and therefore exempt from the provisions of Article 7 of the Public Officers Law, Article 7 does not control the conduct of the business of a zoning board of appeals.
Public Officers Law. Article 7 (Open Meetings Law), § 100(2), provides:
 "2. Any provision of general, special or local law or charter, administrative code, ordinance, or rule or regulation less restrictive with respect to public access than this article shall not be deemed superseded hereby."
Town Law, § 267(1), provides, in pertinent part, as follows:
 "* * * All meetings of such board shall be open to the public. Such board shall keep minutes of its proceedings, showing the vote of each member upon every question, or if absent or failing to vote, indicating such fact, and shall also keep records of its examinations and other official actions. * * *"
Town Law, § 267(5), provides for hearings on appeals or other matters referred to the board. The board must give public notice of the hearing and mail notices to any person affected by the hearing. This hearing is open to the public and any person may appear in person or by agent or attorney.
Since the mandate of the Town Law requires the meetings of a zoning board of appeals to be open to the public, it is less restrictive to public access than section 98(1) of Article 7 (Open Meetings Law) of the Public Officers Law, which would exempt the ordinary business of a zoning board of appeals from the provisions of Article 7 of the Public Officers Law. It, therefore, follows that under Public Officers Law, Article 7, § 100(2), the Town Law is not superseded by Article 7 of the Public Officers Law, and therefore the Town Law governs the conduction of the ordinary business of a zoning board of appeals.
Town Law, § 267, referred to above, does not provide for executive sessions or informal private meetings by the members of a zoning board of appeals. Under Town Law, § 267, all meetings of a zoning board of appeals must be open to the public.
Accordingly, we conclude that the Town Law is not superseded by the provisions of Article 7 of the Public Officers Law with respect to the meetings of a zoning board of appeals. Under Town Law, § 267, all meetings of a town's zoning board of appeals must be open to the public.